**PINKERTON et al. v. UNITED STATES.**

**No. 11379.**

Circuit Court of Appeals, Fifth Circuit.

Oct. 30, 1945.

Rehearing Denied Dec. 1. 1945.

See, also, 145 F.2d 252.

Reuben L. Newton, Pennington & Tweedy, and J. J. Curtis, all of Jasper, Ala., for appellants.

Jim C. Smith, U. S. Atty., of Birmingham, Ala., for the United States.

Before SIBLEY and McCORD, Circuit Judges, and KENNAMER, District Judge.

KENNAMER, District Judge.

Walter and Dan Pinkerton, appellants, with other named defendants who are not

parties to this appeal, were indicted by a grand jury on ten substantive counts and one conspiracy count for violations of the Internal Revenue Laws of the United States of America. Demurrer was filed by both appellants to the indictment, which demurrer was overruled by the trial judge. A plea in abatement was filed by Dan Pinkerton as to counts 1, 2, and 4, of the indictment, and was sustained. A plea in abatement by both appellants to count 11 of the indictment was overruled. The trial court submitted the case to the jury on all counts of the indictment as to Walter Pinkerton; and on counts 3, 5, 6, 7, 8, 9, 10, and 11 as to Dan Pinkerton.

A jury verdict of guilty on all counts of the indictment except count 7 was returned against Walter Pinkerton, and against Dan Pinkerton on counts 3, 5, 6, 8, 9, 10, and 11.

Each of the defendants was given a prison sentence and fine, and both have appealed.

The appellee, United States of America, filed a motion to dismiss appellants' appeal in this court on the ground that the notice of the taking of the appeal was filed too late. Due to the peculiar facts relating to the filing of the notice of the taking of the appeal, and since the case is being affirmed on the merits, the court makes no decision on the motion to dismiss the appeal; it being the view of the court that in such action the appellee obtains the same result as it seeks by the motion to dismiss the appeal, and there is no injury to the appellants.

█ Counts 1 and 10 of the indictment were barred by the statute of limitations of 3 years and the demurrer as to these counts should have been sustained.

Counts 2, 3, 4, 5, 6, 8, and 9 of the indictment charge that the appellants did unlawfully remove, deposit and conceal certain commodities, namely, a large quantity of distilled spirits, naming the quantity in each count, whereof a tax was then and there imposed by the laws of the United States, with intent then and there to defraud the United States of such tax.

█ Numerous assignments of error are made by the appellants and, although none are waived, certain ones are called specially to the attention of the court. The assignments of error which go to the question of the defendant Walter being guilty under the substantive counts of the indictment for which the defendant Dan had plead guilty and with which he had nothing to do; or the defendant Dan being guilty under certain substantive counts of the indictment while in the penitentiary; or that both of these defendants could not be found guilty in either of the first ten counts of the indictment, as each count charges a separate offense and on the trial were treated as separate indictments, and that the testimony that would show one of the appellants committed the offense in one count, would show that the other appellant had nothing to do with it, are not sustained in law and are without merit.

The appellants, as disclosed by the record, are brothers. They reside about two hundred yards from each other, on the same side of the highway, on a farm which was owned by Dan Pinkerton. There was a pathway connecting their houses, and there was frequent association between the two. On one occasion when officers of the law were making an investigation at Dan Pinkerton's place, Walter Pinkerton drew a gun on the sheriff and threatened to kill him. Whenever Walter Pinkerton was arrested in the State courts of Fayette County, his brother Dan would make his bond. They have both been engaged in the business of selling whiskey and have been arrested and convicted many times for violating the liquor laws. Walter Pinkerton admitted buying liquor in a wet county and bringing it into a dry county in violation of State law.

█ In deciding the guilt or innocence of the defendants on the several counts charging substantive offenses, the jury could weigh all the foregoing circumstances in determining whether these two appellants were in fact in a conspiracy in the acts that constitute the violations in the manner and form set out in the counts charging substantive offenses, and this would be true if there had been no conspiracy count in the indictment.

"Although conspiracy be not charged, if it be shown by the evidence to exist, the act of one or more defendants in furtherance of the common plan is in law the act of all." Davis v. United States, 5 Cir., 12 F.2d 253, 257.

█ Count 11 of the indictment charged a conspiracy on the part of the appellants, with others, to combine, conspire, confederate, and agree together to commit the acts made offenses and crimes against the United States by sections 2810, 2833, 2834,

3321, 2803, and 3253, of the Internal Revenue Code of the United States, 26 U.S.C.A. Int.Rev.Code, §§ 2810, 2833, 2834, 3321, 2803, 3253. Sixteen overt acts were set out as having been done by one or more of the conspirators pursuant to said conspiracy and to effect the object of the conspiracy. Some of the overt acts in the conspiracy count are the same acts set out in the counts charging substantive offenses. However, there was no error in overruling appellants' demurrer to this count or sustaining the government's demurrer to the plea in abatement as to this count.

■ "A 'conspiracy' is an agreement [or understanding] between two or more parties to do an unlawful thing, or to do a lawful thing in an unlawful manner." Words and Phrases, Perm.Ed., Vol. 8, "Conspiracy", page 718.

■ "The conspiracy is complete on the forming of the criminal agreement, and the performance of at least one overt act in furtherance thereof." Hall v. United States, 10 Cir., 109 F.2d 976, 984.

■ Some of the overt acts of the conspiracy count of the indictment were beyond the three year period of the statute of limitations; however, other overt acts were alleged and evidence produced upon which a verdict of guilty could be sustained in which the period of limitation is six years and these overt acts were alleged and proved to have occurred within the six year period.

■ The trial court, in its oral charge, gave the jury full and clear instructions as to the rules of law and evidence that was to guide them in their consideration of the case. Counsel for appellants took one exception to the oral charge in this language: "I want an exception to your charge as to unlawful conspiracy, each one of the defendants could be convicted; I don't think Dan could be convicted on some of the matters when he was in the penitentiary." There was no merit in this exception.

■ The defendants requested of the trial court, in writing, to give seventy-two separate charges to the jury. Thirty-three of these written charges were given by the court. The refused written charges were mostly separate requests for a directed verdict under each of the separate counts of the indictment. Since the punishment imposed was less than was authorized under any single count charging a substantive offense, if there was any error in the refusal of any single requested charge, it was error without injury.

Judgment affirmed.