**Barbara M. BAILEY, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

**C. P. BAILEY and Barbara M. Bailey, Petitioners-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 28131

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Dec. 23, 1969.

Robert O. Rogers, Palm Beach, Fla., for appellant.

Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Atty., Tax Div., U. S. Dept. of Justice, K. Martin Worthy, Chief Counsel, Internal Revenue Service, Washington, D. C., Harry Baum, Fred B. Ugast, John A. Townsend, Attys., Tax Div., U. S. Dept. of Justice, Washington, D. C., for appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Pursuant to Rule 18 of the Rules of this Court, and taxpayers' own motion, we have concluded on the merits that this case is of such character as

not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir. 1969, 417 F.2d 526, Part I [October 7, 1969].

The facts in this controversy are undisputed. During 1962 and 1963, Barbara Bailey, an employee in the returns department of St. Lucie County Bank embezzled over $46,000.

The pertinent facts were as follows: Mrs. Bailey would credit funds to her brother, Ray Melton, by making various false bookkeeping entries. At all times Melton had knowledge of the source of the funds being used to cover the checks drawn by him. All of the funds were misappropriated from the bank either directly for Melton's use or to reimburse Mrs. Bailey for the amounts of her own money she had used to cover Melton's bad checks. Subsequently Mrs. Bailey and Melton were convicted of conspiring to commit offenses in violation of Title 18, U.S.C. Sections 656 and 1005.

The taxpayer, Mrs. Bailey, concedes that the embezzled funds constitute taxable income; however, she disputes that such funds are properly taxable to her. The Tax Court in Bailey v. C.I.R., 52 T.C. 115, held otherwise. We affirm for the reasons given by the Tax Court.

The only question which warrants any discussion is the taxpayer's contention that a criminal conspiracy is nothing more than a criminal partnership and therefore the government (because of the previous conviction on a conspiracy count) is estopped to deny the existence of a partnership for tax purposes. The elements of the two differ. Compare Pinkerton v. United States, 5 Cir. 1945, 151 F.2d 499, aff'd 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946) (elements of a conspiracy) with Title 26, U.S.C., Sec. 761(a) (definition of partnership). The taxpayers' proof fails to show that a partnership existed for tax purposes.

Affirmed.