Bob E. Riddell and Marilyn L. Riddell v. Commissioner.
Riddell v. Commissioner
Docket No. 6731-70.
United States Tax Court
T.C. Memo 1972-227; 1972 Tax Ct. Memo LEXIS 30; 31 T.C.M. (CCH) 1123; T.C.M. (RIA) 72227; November 8, 1972
Robert Earl Jones, 1311 Petroleum Club Bldg., Tulsa, Oklahoma, for the petitioner. Michael J. O'Brien, for the respondent. 1124 FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1968 in the amount of $73,264.77. The issue presented for our decision is whether funds embezzled by petitioner Bob E. Riddell on December 29, 1968, are includable in petitioners' gross income for the taxable year 1968 under section 61 of the Internal Revenue Code of 1954. [1]
*31 Findings of Fact Some of the facts have been stipulated and are so found. Petitioners, Bob E. Riddell and Marilyn L. Riddell, were married individuals who resided in Owasso, Oklahoma, at the time they filed their petition herein. Petitioners filed their joint Federal income tax return for the taxable year 1968 with the district director of internal revenue, Austin, Texas. [2]
The parties agree and have stipulated that for the purpose of the instant case petitioner Marilyn L. Riddell is an innocent spouse within the meaning of section 6013(e) and therefore is not liable for any income tax deficiency determined herein. Bob E. Riddell will be hereinafter referred to as petitioner. Petitioner served in the United States Navy for approximately 20 years and was honorably discharged on May 12, 1967. Subsequent to his discharge he was employed as a car salesman, and then was briefly enrolled in technical school. For approximately the last 10 months of 1968, petitioner *32 was employed as the office manager of Lairmore's Armored Car Service, Inc., of Tulsa, Oklahoma, hereinafter referred to as Lairmore's. On Sunday, December 29, 1968, without the consent or knowledge of Lairmore's, petitioner took from Lairmore's vault the sum of $133,752.92, and caused damages of $684.57 to Lairmore's property. Petitioner was in control of his faculties at the time of the embezzlement. Immediately after taking the money from Lairmore's vault, petitioner went to the Tulsa airport where he purchased a ticket and took the first commercial flight to Dallas, Texas. Upon arriving in Dallas, petitioner purchased another ticket and boarded a flight to Los Angeles. Petitioner remained in Los Angeles until January 20, 1969, a period of approximately three weeks. During this entire period petitioner used the funds, without restriction, for his own personal use. He purchased food, liquor, and clothes, and paid his hotel bills. Near the end of this period, petitioner contacted attorneys in Los Angeles and Tulsa who made arrangements for his return and surrender. On January 20, 1969, petitioner voluntarily returned to Tulsa where he surrendered himself to State and Federal law *33 enforcement authorities and returned $121,042.02 of the embezzled funds, leaving a deficit of $13,395.47, inclusive of the damaged property. On December 31, 1968, in the Court of Common Pleas, Tulsa, Oklahoma, a preliminary information was filed charging petitioner with the crime of embezzlement by employee. [3] On February 19, 1969, an information charging the felony of embezzlement by employee was filed against the petitioner in the District Court of Tulsa County, Oklahoma. On April 24, 1969, petitioner, being represented by counsel, appeared before the District Court of Tulsa County, Oklahoma, and pleaded guilty to the crime of embezzlement by employee. The court sentenced petitioner to serve a term of five *34 years in the custody of the State Department of Corrections, said judgment and sentence being suspended so long as the defendant continued to comply with the various conditions imposed by the court. One of the conditions imposed by the court in suspending petitioner's sentence was that he make restitution of the embezzled funds not already returned. In April 1969, petitioner agreed to make full restitution to Lloyds of London, the insurance company which had indemnified Lairmore's for the amount which petitioner had not yet returned. 1125
Petitioner did not report any of the embezzled funds as income on the joint 1968 Federal income tax return which he filed with his wife. Respondent determined that the embezzled funds were includable in gross income and determined a deficiency accordingly. Opinion On December 29, 1968, petitioner embezzled $133,752.92 from his employer. The issue presented for our decision is whether respondent correctly included the embezzled funds in petitioner's gross income for the taxable year 1968. Embezzled funds are includable in the gross income of an embezzler for Federal income tax purposes in the year the funds are embezzled. James v. United States, 366 U.S. 213 (1961). *35 In the James case, at page 219, Chief Justice Warren in his opinion said: When a taxpayer acquired earnings, lawfully or unlawfully, without the consensual recognition, express or implied, of an obligation to repay and without restriction as to their disposition, "he has received income which he is required to return, even though it may still be claimed that he is not entitled to retain the money, and even though he amy still be adjudged liable to restore its equivalent." North American Oil Consolidated v. Burnet, supra, 286 U.S. at page 424, 52 S. Ct. at page 615. In such case, the taxpayer has "actual command over the property taxed - the actual benefit for which the tax is paid," Corliss v. Bowers, supra. * * * Petitioner had unrestricted use of the embezzled funds through the end of 1968 and into the following year. There is no evidence to suggest that petitioner intended merely to borrow the money from his employer. At no time during the year in issue did petitioner ever acknowledge his obligation to restore the funds. Therefore we must hold that the embezzled funds are includable in petitioner's 1968 gross income under the rule of James v. United States, supra. *36 It is true that the petitioner returned a major portion of the misappropriated funds and made arrangements to repay the balance, but these actions did not occur until 1969. These events cannot be related back to 1968, the year of conversion. L.M. Muldrow, 38 T.C. 907, 912 (1962). Therefore, we do not reach the issue decided in Wilbur Buff, 58 T.C. 224 (1972). An unlawful gain constitutes taxable income upon receipt of unrestricted use thereof. Rutkin v. United States, 343 U.S. 130, 137 (1952). We have found that petitioner had unrestricted use of the funds in 1968. Petitioner's argument that he never received such use of the funds because of his excessive use of alcohol is untenable. He testified that he was not drunk when he took the money. Furthermore, being fully represented by counsel, petitioner pleaded guilty to the crime of willful embezzlement by employee, and in the petition filed herein admitted the embezzlement. Petitioner treated the funds as though they were his own. Barbora M. Bailey, 52 T.C. 115 (1969), affd. 420 F. 2d 777 (C.A. 5, 1969). Clearly during the entire period in issue, the funds were *37 in the possession, control, and dominion of petitioner. With respect to the embezzled funds which were returned in 1969, the fact that petitioner did not spend these funds, but merely possessed them, is not material. Such funds, being in his control, constitute income. Geiger's Estate v. Commissioner, 352 F. 2d 221, affirming a Memorandum Opinion of this Court. Decision will be entered for the respondent. Footnotes
1. Unless otherwise specified all statutory references are to the Internal Revenue Code of 1954.↩
2. The petitioners' joint return for 1968 has inscribed thereon the words "Ammended [sic] Return," for the reason that Marilyn L. Riddell had previously filed a separate return, Form 1040A, for the taxable year 1968.↩
3. The Oklahoma embezzlement statute provides as follows: If any clerk or servant of any private person or co-partnership or corporation, except apprentices and persons within the age of eighteen years, fraudulently appropriates to his own use, or secretes with a fraudulent intent to appropriate to his own use, any property of any other person which has come into his control or care by virtue of his employment as such clerk or servant, he is guilty of embezzlement.↩