Wynelle PARKER et al.,
Plaintiffs-Appellants,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 75–3036
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 8, 1975.

William P. Fonville, Dallas, Tex., for plaintiffs-appellants.

Scott P. Crampton, Asst. Atty. Gen., U. S. Dept. of Justice, Tax Div., Washington, D. C., Gilbert E. Andrews, Act. Chief, Leonard J. Henzke, Jr., Francis J. Gould, App. Sec., U. S. Dept. of Justice, Washington, D. C., Martha J. Stroud, Asst. U. S. Atty., Dallas, Tex., for defendant-appellee.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

AINSWORTH, Circuit Judge:

Plaintiff taxpayers are husband and wife and residents of Texas, a community property state. They appeal from a judgment denying them a refund of one-half of the income tax fraud penalties assessed against them. We affirm.

Taxpayers filed joint income tax returns for the years in question, 1959, 1961 and 1962. Deficiencies and penalties for fraud were assessed against taxpayers jointly by the Commissioner of Internal Revenue, which were subsequently paid. In this suit the following stipulations of fact were made by the parties:

The taxpayer-husband was indicted on five counts of tax evasion, three of the counts covering joint returns for the years in question, and on four counts of subscribing, under the penalties of perjury, to returns which he did not believe to be correct as to every material fact. Upon his plea of guilty to one of the counts he was sentenced to three years in custody of the Attorney General, with 30 days to be served and the remainder probated for 35 months. The husband's probation was conditioned upon his payment of his civil tax and fraud penalties. Taxpayer-wife's income for the years in question was community income of plaintiffs and the adjustments made by the Internal Revenue Service for those years were adjustments to community income of plaintiffs. No part of the deficiencies was due to fraud on the part of the wife. Plaintiffs, however, concede the application of the fraud penalties with respect to the husband.

Appellants contend that inasmuch as one-half of the deficiency assessed constituted taxation of the innocent wife, the 50 per cent fraud penalty should apply to only one-half of the total deficiency.

Subsection (d)(3) of 26 U.S.C. § 6013 (Internal Revenue Code of 1954) relating to joint returns by husband and wife provides that

"if a joint return is made, the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several."

Subsection (b) of 26 U.S.C. § 6653 (Internal Revenue Code of 1954) provides in pertinent part:

"*Fraud.*—If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment."

In 1971 Congress enacted Public Law 91–679 by amending Sections 6653 and 6013. These amendments in certain instances relieve of liability innocent spouses filing joint returns. By the 1971 amendments the following provision was added to 26 U.S.C. § 6653(b):

"In the case of a joint return under section 6013, this subsection shall not apply with respect to the tax of a spouse unless some part of the underpayment is due to the fraud of such spouse."

Appellants contend that the imposition of a fraud penalty on the deficiency of the wife's community income is proscribed by the above-quoted provision. They fail, however, to take into consideration that the 1971 amendments also revised 26 U.S.C. § 6013 by the addition of subsection (e) thereto, denoting the conditions under which the innocent spouse filing a joint return would be relieved of the penalty. That subsection reads in pertinent part as follows:

"(e) Spouse relieved of liability in certain cases.—

(1) In general.—Under regulations prescribed by the Secretary or his delegate, if—

.    .    .    .    .

(C) taking into account whether or not the other spouse significantly benefited directly or indirectly from the items omitted from gross income and taking into account all other facts and circumstances, it is equitable to hold the other spouse liable for the deficiency in tax for such

taxable year attributable to such omission,

then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent that such liability is attributable to such omission from gross income."

Clearly the wife would have benefited from the fraudulent omission by the husband had the fraud not been detected in this case.

Appellants recognize that despite the 1971 amendments the jurisprudence is uniformly to the effect that although an innocent spouse is not held liable, the 50 per cent penalty applies to the entire deficiency of a joint return. *See Stone v. Commissioner,* 56 T.C. 213 (1971); *Cain v. Commissioner,* 30 T.C.M. 197 (1971), affirmed, 460 F.2d 1243, 5 Cir., 1972; *Chanik v. Commissioner,* 31 T.C.M. 851 (1972); *Grudin v. Commissioner,* 33 T.C.M. 1116 (1974); *Heywood v. Commissioner,* 33 T.C.M. 1311 (1974). Appellants observe, however, that these decisions affect residents of non-community property states. Their contention is that because of Texas law which requires payment of the husband's debts out of community property, a different treatment should be given to Texas residents. There is nothing in the legislative history of Section 6653(b) which implies an intent of Congress to carve out special benefits for community property states. As the District Court noted, the result urged by appellants would require a guilty spouse in Texas to pay only half the penalties exacted of a guilty spouse in a non-community property state. The purpose of the 1971 amendments is to afford relief to an innocent spouse who is a party to a joint return, and not to afford relief to the spouse who has acted fraudulently. *See United States v. Mitchell,* 403 U.S. 190, 206, 91 S.Ct. 1763, 1772, 29 L.Ed.2d 406 (1971).

Appellants' argument that a different result would obtain to their advantage if separate and not joint returns had been filed, *Boyett v. Commissioner,* 5 Cir., 1953, 204 F.2d 205, is of no consequence. The fact remains that taxpayers did file joint returns and under 26 U.S.C. § 6013 liability is joint and several. Appellants seek the tax advantages customarily flowing from the filing of joint returns as well as those which might have resulted had they filed separately. If they would prevail they would "have the best of both worlds." *See United States v. Mitchell, supra,* 403 U.S. at 206, 91 S.Ct. at 1772. Such was not the intent of Congress.

Affirmed.