DANNY J. JACKSON AND SUE C. JACKSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, RespondentJackson v. CommissionerDocket No. 9294-93United States Tax CourtT.C. Memo 1994-328; 1994 Tax Ct. Memo LEXIS 336; 68 T.C.M. (CCH) 112; July 19, 1994, Filed *336 Decision will be entered for respondent. In 1988 through 1990, W embezzled $ 154,412.40 from B as follows: $ 19,260.53 in 1988; $ 94,251.87 in 1989; $ 40,900 in 1990. W embezzled these funds without the knowledge of her husband (H). W spent $ 27,470.65 of the embezzled funds on personal expenses of her and H, and transferred the remaining $ 126,941.75 to a third party's account in order to conceal her theft. On Feb. 2, 1990, H first learned that W had embezzled funds from B. After this date, H and W signed their 1989 and 1990 joint Federal income tax returns; these returns did not report any of the embezzled funds. Held: We sustain respondent's determination that H and W failed to report embezzlement income for their 1989 and 1990 taxable years. Held, further, we sustain respondent's determination that H and W are liable for accuracy-related penalties under sec. 6662(a) for their 1989 and 1990 taxable years. Held, further, H is not entitled to innocent spouse relief under sec. 6013 for either his 1989 or 1990 taxable year; although H did not know of the embezzled funds when W misappropriated them, H knew of the funds when he signed his 1989 and 1990 Federal*337 income tax returns. Danny J. Jackson and Sue C. Jackson, pro sese. For respondent: Donna Bice Read. LAROLAROMEMORANDUM FINDINGS OF FACT AND OPINION LARO, Judge: This case is before the Court pursuant to a petition filed by Danny J. Jackson and Sue C. Jackson (petitioners) for redetermination of respondent's determination of deficiencies in, and penalties on, their 1989 and 1990 Federal income taxes. Respondent's determination is reflected in a notice of deficiency that respondent issued to petitioners on February 9, 1993. The notice provides, in part, that petitioners are liable for: (1) Deficiencies of $ 25,868 and $ 8,743 in their 1989 and 1990 Federal income taxes, respectively, and (2) accuracy-related penalties under section 6662(a) 1 for 1989 and 1990 in the amounts of $ 5,174 and $ 1,749, respectively. The issues for decision are: 1. Whether*338 petitioners failed to report embezzlement income of $ 89,876 and $ 40,900 for their 1989 and 1990 taxable years, respectively. We hold that they did. 2. Whether petitioners are liable for accuracy-related penalties under section 6662(a) for their 1989 and 1990 taxable years. We hold that they are. 3. Whether petitioner Danny J. Jackson is entitled to innocent spouse relief under section 6013. We hold that he is not. FINDINGS OF FACT Most of the facts have been stipulated and are so found. The stipulations and attached exhibits are incorporated herein by this reference. For each year in issue, petitioners were husband and wife, and filed a Form 1040, U.S. Individual Income Tax Return, using the status of "Married filing joint return". When petitioners filed their petition, they resided in Iredell, Texas. Petitioners lived in Allen, Texas, until 1986; while living in Allen, Danny Jackson was a bank president and Sue Jackson operated a real estate business. In 1986, petitioners moved from Allen to Iredell, Texas; Danny Jackson was hired in April 1986 as the president of Iredell State Bank (Bank), and, shortly thereafter, Sue Jackson was hired as Bank's executive vice-president. *339 After moving to Iredell, petitioners became delinquent on certain payments that they were required to make in connection with their house in Allen. Sue Jackson kept the fact of this delinquency from her husband because he had previously suffered a heart attack caused by stress. To alleviate petitioners' cash flow problems, Sue Jackson, without her husband's knowledge, began in 1988 to misappropriate funds from Bank and some of its customers. During the years relevant herein, Sue Jackson misappropriated the following amounts from Bank and its customers: Dates of AmountsMisappropriation Misappropriated4-07-88 $   4,273.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,123.1911-04-883,000.0012-14-881,863.7519,260.532-21-894,375.618-30-892,998.268-30-892,700.009-22-894,000.009-28-894,800.009-29-898,770.009-29-898,000.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,108.0010-02-8931,500.0094,251.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,900.00Total $ 154,412.40Of this total amount, Sue Jackson spent $ 27,470.65 on personal expenses that benefited both her and Danny Jackson, and transferred the balance, $ 126,941.75, to a third party's bank account in order to conceal her theft. 2*340 Bank suffered losses aggregating $ 130,776.26 as a result of Sue Jackson's misappropriations. 3 Following her guilty plea to a one count information alleging violation of 18 U.S.C. sec. 656 (1988), Misapplication by Bank Officer, the U.S. District Court for the Western District of Texas ordered her to repay the Bank's losses resulting from her misappropriations of its funds. Sue Jackson resigned from Bank on February 2, 1990. On February 2, 1990, Danny Jackson was contacted by officials of Bank in connection with the embezzlement; this was the first time that he learned of the embezzled funds. At the request of Bank, Danny Jackson resigned from Bank on account of the embezzlement. Petitioners signed their 1989 Form 1040 on April 5, 1990, and signed their 1990 Form 1040 *341 after that date. Before signing these forms, petitioners made no attempt to determine whether any of the embezzled funds were includable in income. Petitioners did not include any of the embezzled funds on either their 1989 or 1990 Form 1040, and did not pay Federal income tax with respect to these funds. Respondent determined, as reflected in her notice of deficiency, that $ 89,876 of the embezzled funds that Bank "lost" was income to petitioners in 1989, and that the balance ($ 40,900) was income to petitioners in 1990. 4At the time petitioners' 1989 and 1990 Forms 1040 were due, Sue Jackson was a college graduate, and Danny Jackson had successfully completed college courses. OPINION 1. Taxability of the Unreported Embezzlement IncomeThe notice of deficiency asserted that $ 130,776 of the funds that Bank "lost" on account of Sue Jackson's embezzlement activity is taxable*342 to petitioners. Petitioners concede that $ 27,470.65 of that sum is includable in their income. The parties' disagreement centers on whether the balance of $ 103,305.35 is also taxable to petitioners. Petitioners contend that the latter amount is not taxable to them because Sue Jackson transferred it to a third party's bank account. We disagree. Section 61(a) provides: "Except as otherwise provided in * * * [subtitle A of the Internal Revenue Code, secs. 1 to 1563], gross income means all income from whatever source derived". Money obtained by embezzlement without restriction as to its disposition falls within the broad coverage of the term "gross income" in section 61(a), and is taxable in the year of receipt, although the misappropriator may be required to restore the money in a later year and may deduct any amount repaid in the year in which the repayment is made. James v. United States, 366 U.S. 213, 219-220 (1961); Bailey v. Commissioner, 420 F.2d 777, 778 (5th Cir. 1969), affg. 52 T.C. 115 (1969). In Bailey v. Commissioner, 52 T.C. 115 (1969), affd. *343 420 F.2d 777 (5th Cir. 1969), the taxpayer was a bank employee who embezzled bank funds by crediting her or her brother's account with deposits that she or he had never made. All of the funds were embezzled from the bank either: (1) Directly for her brother's use, or (2) to reimburse her for the amounts of her own money that she had used to cover bad checks that were written by her brother. The taxpayer and her brother were later convicted of conspiring to commit offenses to violate 18 U.S.C. sections 656 and 1005. Bailey v. Commissioner, supra, at 116-118. In holding that the taxpayer was taxable on the total amount of the embezzled funds, the Court stated: "In all the transactions, * * * [the taxpayer] exercised complete dominion and control over the embezzled funds. She beneficially enjoyed this income and, in effect, treated it as her own when she chose to place it at her brother's disposal." Id. at 119. The facts of the instant case are similar to the facts of Bailey v. Commissioner, 52 T.C. 115 (1969), affd. 420 F.2d 777 (5th Cir. 1969).*344 With respect to the $ 103,305.35 in dispute, Sue Jackson embezzled these funds through her transfer to a third party's bank account in an attempt to conceal her thefts. As is true of the $ 27,470.65 which petitioners concede to be includable in their income, Sue Jackson misappropriated the $ 103,305.35, and her actions caused Bank to "lose" the aggregate amount of $ 130,776. In this regard, Sue Jackson controlled the entire proceeds of $ 130,776, and her control over the $ 103,305.35 that she transferred to the third party's account was no less meaningful than her control over the $ 27,470.65 that she spent on petitioners' personal expenses.5 In addition, Sue Jackson benefited directly from both amounts (i.e., the $ 27,460.65 and $ 103,305.35) in that she used the smaller amount for personal expenses and transferred the larger amount to a third party's account in the hope of concealing her thefts. Therefore, given that the record contains no evidence of a "consensual recognition" in any of the years of misappropriation, 6 we conclude that Sue Jackson's control over, and benefit from, the entire sum of $ 130,776 is sufficient for that amount to constitute taxable income to petitioners*345 in the years the thefts occurred. Helvering v. Horst, 311 U.S. 112 (1940); Bailey v. Commissioner, supra at 119. Accordingly, we sustain respondent's determination that petitioners must include the embezzled income of $ 89,876 and $ 40,900 in their 1989 and 1990 taxable income, respectively. 7*346 2. Accuracy-Related Penalty under Section 6662(a)Respondent determined that all or part of petitioners' underpayment of tax for the 1989 and 1990 taxable years was: (1) Due to negligence or disregard of rules or regulations, see sec. 6662(c), and (2) due to substantial understatement of income tax, see sec. 6662(d). Accordingly, respondent asserted that petitioners were liable for the accuracy-related penalty under section 6662(a). Section 6662(a) imposes an accuracy-related penalty equal to 20 percent of the portion of an underpayment that is attributable to negligence or a substantial understatement of tax. Petitioners have the burden of establishing the incorrectness of respondent's determination that they are liable for an accuracy-related penalty under section 6662(a). Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); see also Sandvall v. Commissioner, 898 F.2d 455, 459 (5th Cir. 1990), affg. T.C. Memo. 1989-56; Marcello v. Commissioner, 380 F.2d 499, 506-507 (5th Cir. 1967), affg. in part and remanding in part 43 T.C. 168 (1964);*347 Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). To this end, petitioners must prove that they were not negligent; i.e., petitioners must prove that they made a reasonable attempt to comply with the provisions of the Internal Revenue Code, and that they were not careless, reckless, or in intentional disregard of rules or regulations.8 Sec. 6662(c). Petitioners must also prove that they did not substantially understate their income tax. An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return or $ 5,000. Sec. 6662(d)(1). An understatement is reduced to the extent it is: (1) Based on substantial authority, or (2) adequately disclosed in the return or in a statement attached to the return. Sec. 6662(d)(2)(B). *348 Petitioners did not report any of the embezzled funds in their taxable income for 1989 or 1990. Although both petitioners were educated professionals, neither petitioner made an attempt to ascertain whether the misappropriated funds were includable in their 1989 or 1990 income. We believe that a reasonable and prudent person would have questioned whether his or her dominion and control over the misappropriated funds constituted gross income, or would have otherwise sought proper guidance as to the treatment of these funds. Accordingly, we conclude that petitioners were negligent because they did not make a reasonable attempt to comply with the provisions of the Internal Revenue Code. Thus, we sustain respondent's determination with respect to this penalty. 93. Innocent Spouse Relief under Section 6013Spouses generally are jointly and severally liable for income*349 taxes due on a joint Federal income tax return. Sec. 6013(d)(3); United States v. Shanbaum, 10 F.3d 305, 314 (5th Cir. 1994); Parker v. United States, 524 F.2d 479, 480-481 (5th Cir. 1975); Estate of Krock v. Commissioner, 93 T.C. 672, 676 (1989). The "innocent spouse" provision of section 6013(e), however, provides an exception to this general rule in that section 6013(e) relieves a spouse of joint Federal income tax liability if: (1) A joint Federal income tax return was filed by the spouses for the year in issue, (2) there is a substantial understatement of tax attributable to grossly erroneous items of the other spouse, (3) in signing the return, the claimed "innocent spouse" did not know, and had no reason to know, of the substantial understatement, and (4) taking into account all the facts and circumstances, it would be inequitable to hold the claimed "innocent spouse" liable for the deficiency attributable to the understatement. Sec. 6013(e)(1); United States v. Shanbaum, supra at 314; Estate of Krock v. Commissioner, supra at 676.*350 Petitioners bear the burden of proving that each of these elements is satisfied. Petitioners' failure to satisfy any one of these elements precludes "innocent spouse" relief. United States v. Shanbaum, supra at 315; Estate of Krock v. Commissioner, supra at 677. We hold that Danny Jackson is not an innocent spouse with respect to either 1989 or 1990; he has failed to satisfy the third prong above because he knew about the embezzled funds when he signed the 1989 and 1990 Federal income tax returns. Due to his failure to satisfy this prong, we need not consider the applicability of the remaining prongs to the facts at hand. We have considered all other arguments made by petitioners and find them to be without merit. To reflect the foregoing, Decision will be entered for respondent. Footnotes1. Section references are to the Internal Revenue Code in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩2. This third party was the principal person from whose bank account Sue Jackson misappropriated the $ 27,470.65. The record does not indicate why Sue Jackson needed to transfer $ 126,941.75 to conceal her theft of the $ 27,470.65.↩3. The parties have not explained the difference between the total embezzlement of $ 154,412.40 and the "lost funds" of $ 130,776.26, and the limited record does not allow the Court to reconcile the amounts.↩4. The notice of deficiency omitted an additional 26 cents lost by Bank. See supra↩ p. 4. Hereinafter, we will do the same.5. Indeed, the U.S. District Court for the Western District of Texas recognized this fact when it ordered Sue Jackson to repay the aggregate amount of $ 130,776.26.↩6. In this regard, we are hard pressed to imagine a situation where consensual recognition of an obligation to repay money could exist if the person from whom the money is taken is unaware of its absence.↩7. We recognize that Sue Jackson embezzled $ 94,251.87 in 1989. The record does not explain why respondent only included $ 89,876 of this amount in petitioners' 1989 income. We assume that respondent determined that the $ 4,375.87 difference was not includable in petitioners' 1989 gross income because Sue Jackson repaid that amount in 1989. See James v. United States, 366 U.S. 213, 220↩ (1961).8. Negligence has also been defined to include a lack of due care or a failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. in part and remanding in part 43 T.C. 168 (1964); Neely v. Commissioner, 85 T.C. 934, 947-948↩ (1985).9. Petitioners are also liable for this accuracy-related penalty because their understatements of tax were "substantial" under sec. 6662(d).↩