UNITED STATES of America,
Plaintiff–Appellant,

v.

Bernice H. SHANBAUM, et al.,
Defendants–Appellees.

No. 92–9015.

United States Court of Appeals,
Fifth Circuit.

Jan. 3, 1994.

Richard Stephens, U.S. Atty., John A. Dudeck, Gary R. Allen, Chief, Richard Farber, Appellate Sec., Tax Div., U.S. Dept. of Justice, Washington, DC, for U.S.

Linda S. Aland, Dallas, TX, for Bernice Shanbaum.

J. Michael Tibbals, F. David Stone, Godwin & Carlton, Dallas, TX, for Rozine Optical Export.

Douglas A. Barnes, Dallas, TX, for Woods & Woods.

Demetris A. Sampson, Heard, Goggan, Blair & Williams, Dallas, TX, for City of Dallas and Country of Dallas.

Before GOLDBERG, JONES, and DUHÉ, Circuit Judges.

GOLDBERG, Circuit Judge:

The United States brought this suit to reduce to judgment income tax and transferee liability assessments that it had made against Bernice H. Shanbaum and her husband, Theodore B. Shanbaum, and to foreclose upon tax liens that it had asserted against the Shanbaums' real estate. The assessments were made after the government and the Shanbaums entered into agreed decisions in the United States Tax Court. The income tax liability assessments stemmed from deficiencies that the Shanbaums had incurred from eight years of underpayments on their joint income tax returns. The transferee liability assessment arose because the Shanbaums received the assets of Grayson Enterprises, Inc., a company that, at the time of the transfer, had a substantial amount of tax liability. After a one-day bench trial in which Bernice Shanbaum was the only defendant,[1] the district court concluded that Mrs. Shanbaum should be relieved of her tax liability because she was an "innocent spouse" within the meaning of 26 U.S.C. § 6013(e). The district court then determined the priorities of the various liens on the property involved in the case and entered judgment accordingly. The government appeals, contending that the doctrine of res judicata required the district court to give the Tax Court decisions preclusive effect and thus barred Mrs. Shanbaum from raising the innocent spouse defense in the court below. Alternatively, the government maintains that Mrs. Shanbaum did not show that she was entitled to the innocent spouse defense. Finally, the government asserts that the district court erred in holding that the innocent spouse defense applied to Mrs. Shanbaum's transferee liability. Agreeing with the government's contentions, we find that the district court erred, and we reverse.

## I. Facts and Proceedings Below

The record amply demonstrates that the Shanbaums were familiar with proceedings before the Tax Court. In early 1985, the Tax Court entered an agreed decision which found that Theodore and Bernice Shanbaum were liable for the following income tax deficiencies for the following years:

| Taxable Year | Deficiency |
| --- | --- |
| 1974 | $10,861.10 |
| 1975 | $ 8,451.92 |
| 1976 | $43,443.86 |

The government then assessed these income tax deficiencies, plus the allowable statutory interest, against the Shanbaums.

Approximately two years later, on November 10, 1987, the Tax Court filed another agreed decision which determined the following income tax deficiencies for Theodore and Bernice Shanbaum for the following years:

---

1. The district court entered a default judgment against Mr. Shanbaum after he failed to answer the government's complaint. The other defendants named in the complaint were creditors of the Shanbaums who had an interest in the Shanbaums' real estate. Neither Mr. Shanbaum nor the other defendants are parties to this appeal.

| Taxable Year | Deficiency |
|---|---|
| 1977 | $ 126,485.58 |
| 1978 | $ 165,817.62 |
| 1980 | $1,275,289.17 |
| 1981 | $ 295,833.36 |
| 1982 | $ 235,193.34 |

This decision included a five percent negligence penalty for each taxable year as well as an additional penalty assessed for the year 1982 because that income tax return contained a substantial understatement of liability. Later, the government assessed these deficiencies, plus the allowable statutory interest, against the Shanbaums.

On November 13, 1987, still another agreed decision was entered by the Tax Court. This order determined that the Shanbaums were each liable as transferees of the assets of Grayson Enterprises, Inc. However, the Shanbaums' liability was expressly limited to $1,954,269.21. Again, the government assessed the transferee liability, plus the allowable statutory interest, against the Shanbaums. Later, notices of federal tax liens were filed by the Internal Revenue Service in the public records of Dallas County, Texas, with respect to all of these assessments. None of the Tax Court decisions were appealed. Furthermore, all of the decisions were signed by Edward Esping, the attorney for both Mr. and Mrs. Shanbaum.

The government then brought this suit to reduce to judgment the assessments made against the Shanbaums and to foreclose upon the tax liens asserted against the Shanbaums' property. Mr. Shanbaum failed to answer the government's complaint, and the district court entered a default judgment against him. Mrs. Shanbaum answered the complaint; however, she did not raise any affirmative defenses.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the parties submitted a proposed pretrial order which included, among others, sections entitled "Summary of the Claims and Defenses of Each Party" and "Contested Issues of Law." The day that the trial began, the court approved of and filed this order. In her portion of the Summary of Claims and Defenses, Mrs. Shanbaum asserted for the first time that she was not liable for the taxes at issue because she was an "innocent spouse" within the meaning of the Internal Revenue Code. *See* 26 U.S.C. § 6013(e). In response, the government claimed in its portion of the Summary of Claims and Defenses that Mrs. Shanbaum was "collaterally estopped from asserting an 'innocent spouse' defense as to her liability for income (1040) taxes for the years 1974, 1975, and 1976" and that "[t]he 'innocent spouse' defense is not available as to the transferee liability of ... Bernice H. Shanbaum." The pretrial order also listed as one of the "Contested Issues of Law" whether Mrs. Shanbaum "may assert the 'innocent spouse' [defense] as a defense to the taxes assessed against her and for which judgment is requested in this action."

■ Thus, the only specific defense that the government raised to Mrs. Shanbaum's innocent spouse defense was collateral estoppel. However, collateral estoppel and res judicata are not necessarily fungible concepts. Pleading one of these defenses does not necessarily signify that the other has also been pleaded. Hence, the government did not specifically raise res judicata in the pretrial order. Nevertheless, in its trial brief, filed the same day that the pretrial order was filed, the government did argue that the doctrine of res judicata barred Mrs. Shanbaum from relitigating the Tax Court decisions that determined her income tax and transferee liability.

During the trial, the attorney who represented the government in the Shanbaum's Tax Court proceedings testified that the those proceedings were resolved pursuant to settlement agreements reached between the Shanbaums and the Internal Revenue Service. Then, without objection, the government introduced into evidence copies of the Tax Court decisions that determined the Shanbaums' income tax deficiencies and transferee liability.

Mrs. Shanbaum testified that during the taxable years at issue she had worked as a housewife, that she had earned no independent income, and that almost all of her living expenses had been provided by her husband's earnings. Mrs. Shanbaum also stated that she had received an eighth-grade education and that, during the years at issue in

this case, she had not been involved in her husband's financial affairs or business activities. She further testified that she had signed the joint income tax returns for the years at issue without taking the opportunity to review them. Finally, Mrs. Shanbaum asserted that she did not personally take part in the Tax Court proceedings and that she did not know anything about the specific items of income or deductions reported on her joint tax returns.

After the trial, the government filed a post-trial brief in which it again urged that Mrs. Shanbaum was barred by the doctrine of res judicata from raising the innocent spouse defense and that, in any event, Mrs. Shanbaum had failed to prove that she was entitled to relief under that defense. In her response, Mrs. Shanbaum continued to maintain that, because she was an innocent spouse, the government was not entitled to obtain judgment against her. She also argued that the government had waived res judicata because that defense was not raised in a responsive pleading.

Later, the district court filed a Memorandum Decision and Order in which it ruled that Mrs. Shanbaum was an innocent spouse who was not liable for any of the assessments made against her. The court then entered its judgment, ordering that the government take nothing from Mrs. Shanbaum.

## II. The Preclusive Effect of the Prior Tax Court Decisions

■ We first address the government's contention that res judicata barred Mrs. Shanbaum from raising the innocent spouse defense. The doctrine of res judicata, read in the broad sense of the term, embraces two distinct preclusion concepts: claim preclusion (often termed "res judicata") and issue preclusion (often referred to as "collateral estoppel"). *Migra v. Warren City School Dist. Bd. of Education,* 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56 (1984). Unfortunately, the terminology used in this area of the law often breeds confusion. This confusion is reflected in the government's contentions in the pre-trial order. In that

document, the government asserted that collateral estoppel—not res judicata—prevented Mrs. Shanbaum from asserting the innocent spouse defense. We will thus pause to outline the contours of claim and issue preclusion.

### A. The Legal Background

· ■ Claim preclusion, or "pure" res judicata, is the "venerable legal canon" that insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits. *Medina v. I.N.S.,* 993 F.2d 499, 503 (5th Cir.1993). Claim preclusion is appropriate only if four conditions are satisfied. First, the parties in a later action must be identical to (or at least be in privity with) the parties in a prior action. Second, the judgment in the prior action must have been rendered by a court of competent jurisdiction. Third, the prior action must have concluded with a final judgment on the merits. Fourth, the same claim or cause of action must be involved in both suits. *Eubanks v. Federal Deposit Ins. Corp.,* 977 F.2d 166, 169 (5th Cir.1992). If these conditions are satisfied, claim preclusion prohibits either party from raising any claim or defense in the later action that was or *could have been* raised in support of or in opposition to the cause of action asserted in the prior action. *In re Howe,* 913 F.2d 1138, 1144 (5th Cir.1990).[2]

■ One motivating principle behind claim preclusion is waiver. If a party does not raise a claim or a defense in the prior action, that party thereby waives its right to raise that claim or defense in the subsequent action. As we have previously put it: "[T]he effect of a judgment extends to the litigation of all issues relevant to the same claim between the same parties, whether or not raised at trial." *Kaspar Wire Works, Inc. v. Leco Engineering & Mach. Inc.,* 575 F.2d 530, 535 (5th Cir.1978); *see also Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980) (holding that claim preclusion applies to claims that "were or could have been raised" in a prior action that

**2.** The government now recognizes that if all of the elements of claim preclusion are met, this doctrine would bar Mrs. Shanbaum from asserting the innocent spouse defense in this suit.

involved "the parties or their privies" when the prior action had been resolved by "a final judgment on the merits.").

 Issue preclusion, or collateral estoppel, in contrast, promotes the interests of judicial economy by treating specific issues of fact or law that are validly and necessarily determined between two parties as final and conclusive. Issue preclusion is appropriate only if the following four conditions are met. First, the issue under consideration in a subsequent action must be identical to the issue litigated in a prior action. Second, the issue must have been fully and vigorously litigated in the prior action. Third, the issue must have been necessary to support the judgment in the prior case. Fourth, there must be no special circumstance that would render preclusion inappropriate or unfair. *Universal American Barge Corp. v. J–Chem, Inc.*, 946 F.2d 1131, 1136 (5th Cir.1991) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326–32, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979)). If these conditions are satisfied, issue preclusion prohibits a party from seeking another determination of the litigated issue in the subsequent action.[3]

 The differences between claim preclusion and issue preclusion are significant. Waiver is not a motivating principle behind issue preclusion. Instead, courts reason that if another court has already furnished a trustworthy determination of a given issue of fact or law, a party that has already litigated that issue should not be allowed to attack that determination in a second action. Moreover, under issue preclusion, unlike claim preclusion, the subject matter of the later suit need not have any relationship to the subject matter of the prior suit. Having sketched the relevant legal background, we now return to the events as they developed in this case.

### B. Waiver and Trial by Consent

 The government contends that doctrine of res judicata barred Mrs. Shanbaum from asserting the innocent spouse defense at trial in the district court below. However, res judicata is an affirmative defense that can be waived. *Smaczniak v. Commissioner*, 998 F.2d 238, 242 (5th Cir.1993). And Mrs. Shanbaum asserts that the government failed to assert this defense in a timely manner.

 Unfortunately, neither party can be said to have clearly or effectively raised the issues that form the heart of this dispute. First, the innocent spouse defense is an affirmative defense to the government's claim. Mrs. Shanbaum bore the burden of proof on each element of this defense at trial. *Bokum v. Commissioner*, 992 F.2d 1132, 1134 (11th Cir.1993). Thus, according to Federal Rule of Civil Procedure 8(c), Mrs. Shanbaum should have pleaded this issue in her original answer or amended her answer pursuant to Rule 15(a) in order to raise this defense. However, Mrs. Shanbaum did not take either of these steps. Indeed, she failed to raise the innocent spouse defense until she submitted to the district court her portion of the proposed pretrial order. Nevertheless, since the district court approved of and filed the pretrial order and since Rule 16(e) provides that the pretrial order controls the subsequent course of action, unless modified by a subsequent order, the presentation of the innocent spouse defense in the approved-of pretrial order was sufficient to bring that issue before the district court. *Syrie v. Knoll Int'l*, 748 F.2d 304, 308 (5th Cir.1984).

Of course, since Mrs. Shanbaum did not raise the innocent spouse defense in her answer, the government had no reason or opportunity to raise in its formal pleadings any affirmative defense of its own to Mrs. Shanbaum's defense, even a defense such as res judicata which Rule 8(c) requires to be pleaded.[4] However, once Mrs. Shanbaum raised

---

3. In this case, since the Tax Court decisions were agreed to, no issue was actually litigated. *See Kaspar Wire Works*, 575 F.2d at 539. Thus, issue preclusion could not prohibit Mrs. Shanbaum from raising the innocent spouse defense. However, as we stated in footnote 2, *supra*, claim preclusion could prohibit Mrs. Shanbaum from raising the innocent spouse defense.

4. The government suggests that even if Mrs. Shanbaum had raised the innocent spouse defense in her answer, the government could not have raised in its pleadings res judicata as a

the innocent spouse defense in her submissions to the pretrial order, the government had the opportunity and the obligation to raise the proper defense—res judicata—in its portion of the pretrial order.

However, the government failed to raise res judicata in this order. Instead, the government stated that Mrs. Shanbaum was "collaterally estopped" from asserting the innocent spouse defense as a defense to her income tax liability for certain years involved in the case. In a separate section of the pretrial order, the government listed as a Contested Issue of Law whether Mrs. Shanbaum "may assert the 'innocent spouse' [defense] as a defense to the taxes assessed against her." However, the government failed to articulate the theory upon which this assertion was based. Thus, at first blush, the government seems to have failed to comply with Rule 8(c) and waived res judicata as a defense to Mrs. Shanbaum's innocent spouse defense.

▮▮▮ Nevertheless, the fact that the government did not formally raise res judicata in the pretrial order does not end the inquiry. We have previously explained that " '[w]here the matter is raised in the trial court in a manner that does not result in unfair surprise, ... technical failure to comply precisely with Rule 8(c) is not fatal.' " *Lucas v. United States,* 807 F.2d 414, 417 (5th Cir. 1986) (quoting *Allied Chemical Corp. v. Mackay,* 695 F.2d 854, 855–56 (5th Cir.1983)). Thus, if a party that asserts an affirmative defense (such as res judicata) fails to raise that defense in an operative pleading, that party does not necessarily waive the defense. Instead, if the party asserting the defense " 'raised the issue at a pragmatically sufficient time, and [the party opposing the defense] was not prejudiced in its ability to respond,' " *id.* at 418, a court may hold that the defense was not waived. In *Lucas,* for

example, we held that a purely legal matter (a statutory cap on the amount of damages that a medical malpractice plaintiff could recover) that was raised for the first time at trial, was raised at a pragmatically sufficient time.

▮▮▮ In the present case, we conclude that the government gave sufficient notice of its intention to raise res judicata, also a legal matter, as a defense. In its trial brief, filed the same day as the pretrial order and served on Mrs. Shanbaum before the trial began, the government correctly argued that res judicata barred Mrs. Shanbaum from relitigating the Tax Court decisions that determined her income tax and transferee liability. Since the defense of res judicata was brought to the attention of Mrs. Shanbaum and the district court on the same day that the pretrial order was filed, res judicata was raised on the same day that Mrs. Shanbaum raised her innocent spouse defense. Res judicata was thus raised at a pragmatically sufficient time. Moreover, both the government and Mrs. Shanbaum addressed the applicability of res judicata in post-trial briefs. Mrs. Shanbaum thus had an adequate opportunity to respond to the government's assertion of res judicata. Therefore, under the facts of this case, the government did not waive its res judicata defense by failing to raise the issue in its pleadings or in the pretrial order.

▮▮▮ Moreover, we conclude that res judicata was tried with the implied consent of the parties. *See* Fed.R.Civ.P. 15(b). Whether an issue has been tried with the implied consent of the parties depends upon whether the parties recognized that the unpleaded issue entered the case at trial, whether the evidence that supports the unpleaded issue was introduced at trial without objection, and whether a finding of trial by consent preju-

defense to Mrs. Shanbaum's defense. We are not so certain. Federal Rule of Civil Procedure 7(a) states: "There shall be a complaint and an answer [and] a reply to a counterclaim denominated as such.... No other pleading shall be allowed, except that the court may order a reply to an answer...." According to the government, if Mrs. Shanbaum had raised the innocent spouse defense in her answer, the government could not have filed a reply because Mrs. Shanb-

aum would not have filed a counterclaim. Therefore, the government believes that it would not have had an occasion to advance res judicata as an affirmative defense to Mrs. Shanbaum's affirmative defense. However, *if* Mrs. Shanbaum *had* raised the innocent spouse defense in her answer, the government easily could have sought leave of the court to file a reply in order to raise its res judicata defense.

diced the opposing party's opportunity to respond. *Haught v. Maceluch,* 681 F.2d 291, 305–306 (5th Cir.1982); *Jimenez v. The Tuna Vessel "Granada",* 652 F.2d 415, 421 (5th Cir.1981). Whether the parties recognized that the unpleaded issue entered the case at trial often depends on whether the evidence that supports the unpleaded issue is also relevant to another issue in the case. If the evidence that supports the unpleaded issue is also relevant to another issue in the case, the introduction of this evidence " 'may not be used to show consent to trial of a new issue absent a clear indication that the party who introduced the evidence was attempting to raise a new issue.' " *Haught,* 681 F.2d at 305 (quoting *International Harvester Credit Corp. v. East Coast Truck,* 547 F.2d 888, 890 (5th Cir.1977)). As Professors Wright, Miller, and Kane have observed, the reasoning behind this rule is sound, for "if evidence is introduced to support basic issues that have already been pleaded, the opposing party may not be conscious of its relevance to issues not raised by the pleadings unless that fact is made clear." 6A Charles A. Wright et al., Federal Practice and Procedure: Civil 2d § 1493, at 32–35 (1990).

■ In this case, we believe that the factors which militate in favor of finding that res judicata was tried by consent are present. First, the government clearly indicated that it was relying on res judicata as a defense to the innocent spouse defense. *See Haught,* 681 F.2d at 305. Although Mrs. Shanbaum asserts that the evidence introduced to prove res judicata—the Tax Court decisions—led her to believe that the government was pursuing its pleaded collateral estoppel defense, the government's trial brief plainly brought res judicata to the attention of Mrs. Shanbaum before trial. Thus, Mrs. Shanbaum must have recognized that res judicata entered the case at trial. Second, Mrs. Shanbaum did not object to the introduction of the Tax Court decisions. Finally, Mrs. Shanbaum was not prejudiced in her ability to respond to the government's res judicata defense. There was no need for Mrs. Shanbaum to conduct additional discovery to defend against res judicata; all of the relevant factual and legal details were before the court at trial. Moreover, Mrs. Shanb-

aum filed a post-trial brief in which she addressed the government's assertion of res judicata. Thus, Mrs. Shanbaum not only had an adequate opportunity to respond, she did respond.

Mrs. Shanbaum's contention that the government waived res judicata simply because it mistakenly pleaded collateral estoppel in the pretrial order is unavailing. We do not adjudicate by labels. We adjudicate cases on the facts and law as they fit and support each other in the trial as the case progresses. In this case, the facts and law support the government's position that res judicata was adequately raised and in fact tried in the district court. The government is entitled to the benefit of res judicata.

## C. The Application of Res Judicata to this Case

■ We now examine the merits of the government's argument that claim preclusion prohibited Mrs. Shanbaum from asserting the innocent spouse defense in this action. As we discussed above, claim preclusion is appropriate only if four conditions are satisfied: the parties must be identical; the judgment in the prior action must have been rendered by a court of competent jurisdiction; the prior action must have concluded with a final judgment on the merits; and the same claim or cause of action must be involved in both suits. We conclude that all of these conditions have been met.

■ First, the parties in this case and in the proceedings before the Tax Court are, obviously, identical. Mrs. Shanbaum was a named party and was represented by counsel in all of the Tax Court proceedings. Second, the Tax Court is a court of competent jurisdiction for the determination of a taxpayer's income tax and transferee liability. Third, Mrs. Shanbaum's Tax Court proceedings concluded with final judgments on the merits. Simply because the Tax Court decisions were reached by agreement does not mean that Mrs. Shanbaum's income tax and transferee liabilities were not resolved by final judgments on the merits for the purposes of res judicata. An agreed judgment is entitled to full res judicata effect. *United States v.*

*International Building Co.*, 345 U.S. 502, 505–06, 73 S.Ct. 807, 809, 97 L.Ed. 1182 (1953); *Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1144 (5th Cir.1981); *Kaspar Wire Works*, 575 F.2d at 538–39. Finally, the causes of action that formed the basis this suit and the proceedings in the Tax Court are identical. We have stated that "one's total income tax liability for each taxable year constitutes a single, unified cause of action, regardless of the variety of contested issues and points that may bear on the final computation." *Finley v. United States*, 612 F.2d 166, 170 (5th Cir.1980). Thus, "if a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is *res judicata* as to any subsequent proceeding involving the same claim and the same tax year." *Commissioner v. Sunnen*, 333 U.S. 591, 598, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948).

Since all of the conditions of claim preclusion have been satisfied, that doctrine applies in this suit. Having once had the opportunity to assert defenses to her tax liability, res judicata barred Mrs. Shanbaum from asserting in the district court the innocent spouse defense to her tax liability. *Id.; Smaczniak*, 998 F.2d at 242.

### III. The Sufficiency of the Evidence

The government also contends that Mrs. Shanbaum did not satisfy each element of the innocent spouse defense. We agree and find that the district court erroneously concluded that Mrs. Shanbaum had shown that she was entitled to the protection of this defense.

The Internal Revenue Code allows married couples to file joint income tax returns. 26 U.S.C. § 6013(a). Couples have an incentive to file joint income tax returns each year because, by doing so, their income tax liability may be substantially lower than if they had each filed separate returns. However, one condition of this benefit is that each spouse is generally jointly and severally liable for the full amount of tax due on their combined income. 26 U.S.C. § 6013(d)(3). Nevertheless, the potential injustices of joint and several liability have been mitigated to some extent by the enactment of the "inno-

cent spouse" provision of the Internal Revenue Code. *See* 26 U.S.C. § 6013(e).

Under this section of the Code, a spouse can escape from the normal rule of joint and several liability if that spouse proves that he or she meets each of the statutory prerequisites of that defense. Thus, if a couple (1) has filed a joint income tax return for a taxable year, and if (2) there is a "substantial understatement of tax" on the tax return "attributable to grossly erroneous items of one spouse," (3) the other spouse "establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement," and (4) "taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement," then "the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such substantial understatement." 26 U.S.C. § 6013(e)(1).

However, the innocent spouse provision of the Code only provides relief from income tax liability if that liability arises from "grossly erroneous items" as those items are defined in § 6013(e)(2). That section defines a "grossly erroneous item" to be "(A) any item of gross income attributable to [a] spouse which is omitted from gross income, and (B) any claim of a deduction, credit, or basis by such spouse in an amount for which there is no basis in fact or law." Thus, although omitted items of gross income are automatically considered to be grossly erroneous, a claim of a deduction, credit, or basis in property will be considered to be grossly erroneous only if the amount of that claim has no basis in fact or law. Thus, for example, not every disallowed deduction satisfies the statutory definition of a "grossly erroneous item." A taxpayer may not rely on the mere disallowance of a claimed deduction or an inability to substantiate the amount of an otherwise allowable deduction in order to establish that there is a lack of a basis in fact or law for the deduction. *Flynn v. Commissioner*, 93 T.C. 355, 364, 1989 WL

107095 (1989); *see also Shenker v. Commissioner*, 804 F.2d 109, 114 (8th Cir.1986) (finding some basis in fact for a husband's claimed deduction, thus preventing the wife from qualifying for relief under the innocent spouse provision of the Code), *cert. denied*, 481 U.S. 1068, 107 S.Ct. 2460, 95 L.Ed.2d 869 (1987). Therefore, since a taxpayer who seeks the benefit of the innocent spouse defense must prove that all of the requirements of that defense have been met, the taxpayer must prove that there are grossly erroneous items of his or her spouse that are attributable to omissions from gross income or to deductions, credits, or bases in property in amounts that have no basis in fact or law. *Sonnenborn v. Commissioner*, 57 T.C. 373, 1971 WL 2600 (1971).

 The district court concluded that Mrs. Shanbaum was entitled to relief under the innocent spouse provision of the Code. However, the district court did not make specific findings that Mrs. Shanbaum had satisfied each element of this defense.[5] We will thus assume that the district court implicitly found that Mrs. Shanbaum had proved that she satisfied all of the conditions necessary to show that she qualified for the innocent spouse defense. Hence, the district court must have found that Mrs. Shanbaum showed that there were "substantial understatements" of tax for each taxable year at issue that resulted from "grossly erroneous items" of Mr. Shanbaum.

However, there is no evidence in the record that shows that any substantial understatements of tax resulted from "grossly erroneous items" of Mr. Shanbaum. More specifically, there is no evidence that shows that any substantial understatements of tax for the taxable years at issue resulted from omissions from Mr. Shanbaum's gross income or that any substantial understatements of tax resulted from deductions, cred-

its, or bases in property in amounts that have no basis in fact or law. Indeed, the basis for the Shanbaums' tax deficiencies cannot be found in the record of this case. Although Mrs. Shanbaum had to prove that there were substantial understatements of tax attributable to grossly erroneous items of Mr. Shanbaum, *see Bokum*, 992 F.2d at 1134, she did not introduce the joint income tax returns for the years at issue or any other evidence that would shed light on the source of the Shanbaums' tax deficiencies. It is like going to see Shakespeare's Hamlet and finding no Hamlet on the stage, nothing rotten in the state of Denmark, and no ghost frightening the palace guards. Because the record cannot support a finding that Mrs. Shanbaum proved that there was a substantial understatement of tax for each taxable year that stemmed from grossly erroneous items of Mr. Shanbaum, this finding is clearly erroneous. *See* Fed.R.Civ.P. 52(a). The conclusion that Mrs. Shanbaum is entitled to the innocent spouse defense cannot stand, and we must hold that Mrs. Shanbaum is not entitled to relief under this section of the Code.

## IV. Transferee Liability

 Finally, we hold that the district court erred when it applied the innocent spouse defense to Mrs. Shanbaum's transferee liability. Transferee liability is predicated upon the receipt by a party of the assets of a delinquent taxpayer. Under the Internal Revenue Code, a transferee of the property of a delinquent taxpayer can become liable for the transferor's taxes up to the amount of transferred assets received. *See* 26 U.S.C. § 6901. The innocent spouse defense, however, applies only to income tax liability. The innocent spouse defense has no applicability to Mrs. Shanbaum's transferee liability.

---

5. The only finding that the district court made on this issue is as follows:

> Given Mrs. Shanbaum's eighth grade education and her testimony that she last participated in Mr. Shanbaum's business—at a minimal level—in 1947, it is reasonable to conclude that she would have no familiarity with her husband's financial affairs, with the tax laws, or with the appearance of a properly prepared tax return. Furthermore, Mrs. Shanbaum testified that her former husband did not give her the opportunity to review their tax returns when she signed them. Mrs. Shanbaum's lack of financial sophistication, and her complete lack of involvement in her former husband's financial affairs convince the court that it would be inequitable to hold her accountable for the deficiency attributable to Mr. Shanbaum.

## V. Conclusion

The judgment of the district court is REVERSED, and this case is REMANDED for further proceedings consistent with this opinion.