### Gerald ANDERS,

v.

### ORMET CORPORATION.

### Civ. A. No. 93–391–A.

United States District Court,
M.D. Louisiana,

Dec. 8, 1994.

---

Michael Andrew Betts, Baton Rouge, LA, for plaintiff.

Allen J. Krouse, III, Thomas W. Thorne, Jr., III, Michael A. McGlone, Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, LA, for defendant.

## RULING ON MOTION FOR SUMMARY JUDGMENT

Honorable JOHN V. PARKER, Chief Judge.

This matter is before the court on defendant's motion for summary judgment. Plaintiff has not disputed any of the list of undisputed material facts filed by defendant under Local Rule 2.09 which means that all such facts set forth by defendant are deemed admitted under Local Rule 2.10M. Plaintiff has filed only a general opposition. Oral argument is not necessary. This action has been removed from the Twenty-third Judicial District Court of Ascension Parish. Jurisdiction is based on 28 U.S.C. § 1332 diversity of citizenship.

The uncontested material facts set forth by defendant and deemed admitted are:

"I.

On April 2, 1992, Mr. Gerald L. Anders was injured during the course and scope of his employment on a towboat, THE EX-PEDITER, operated by Ormet Corporation on the Mississippi River near Burnside, Louisiana.

II.

Mr. Anders was employed by Ormet Corporation from November 17, 1991 until April 2, 1992, when he sought benefits under the LHWCA.

III.

Mr. Anders was deemed unable to work, due to temporary total disability, that lasted from the date of the accident until he reached maximum medical improvement on December 30, 1992, when he was released to return to work by his treating physician.

IV.

The nature and extent of injury is the amputation of most of the left, fourth ("pinky") finger.

V.

Defendant, Ormet Corporation, paid compensation to Mr. Anders under the LHWCA for forty (40) weeks at the rate of $174.99, or a total of $6,999.60, and all medical services pursuant to Section 7 of the Act.

## VI.

Mr. Anders initiated a proceeding with the Office of Administrative Law Judges for the United States Department of Labor. The case has been documented as 93–LHC–2391, and it is also identified as Office Worker's Compensation Programs, No. 07–12676.

## VII.

The case was heard on January 12, 1994, pursuant to Amended Notice of Hearing dated December 22, 1993, before the Honorable Judge Edward Terhune Miller, Administrative Law Judge for the United States Department of Labor.

## VIII.

One of the issues before the Court was whether Anders qualified as a seaman under the Jones Act or whether he came within the confines of the LHWCA.

## IX.

After hearing the evidence, including the testimony of the plaintiff, Gerald Anders, Judge Miller ruled, *inter alia* that he was not deprived of jurisdiction under the LHWCA.

## X.

Judge Miller granted the defendant's Motion for Directed Verdict on the issue of seaman status and held that Anders was *not* a member of a crew of a vessel under the Jones Act."

Plaintiff now brings the present Jones Act suit for which Ormet seeks dismissal.

■ The narrow issue presented is simply whether the ALJ's decision that the plaintiff is not a seaman under the Jones Act bars the plaintiff from bringing a subsequent Jones Act suit in federal district court.

At least one court has specifically held that a finding by the ALJ that a claimant under the LHWCA was not a "master or member of a crew of a vessel" would be res judicata on the issue of seaman status for purposes of recovery under the Jones Act. *General Construction Company, Inc. v. Emry,* 1993 WL

137413 (N.D.Cal.). The Fifth Circuit has also indicated that such a finding by an ALJ would constitute res judicata. *Albeit dicta,* the court in *Fontenot v. AWI, Inc.* 923 F.2d 1127 (5th Cir.1991) stated that permitting a trial court to redetermine coverage issues decided by an ALJ defeats the purpose of the LHWCA and creates uncertainty for both the employee and employer.

In *Southwest Marine Inc. v. Gizoni,* 502 U.S. 81, 112 S.Ct. 486, 116 L.Ed.2d 405 (1991), an injured plaintiff was receiving compensation benefits pursuant to LHWCA when he brought suit under the Jones Act claiming that he was a seaman and that his employer had been negligent. Defendants in that case argued that receipt of benefits under the LHWCA should preclude future litigation under the Jones Act. The court stated, "An employee who receives voluntary payments under the LHWCA without a formal award is not barred from subsequently seeking relief under the Jones Act." *Id.* at 91, 112 S.Ct. at 493. The court further stated that the predicate for its ruling was that the question of coverage had never been litigated.

In *Sharp v. Johnson Bros. Corp.,* 973 F.2d 423 (5th Cir.1992), cert. denied, —— U.S. ——, 113 S.Ct. 2333, 124 L.Ed.2d 245 (1993). Sharp was injured while working on a barge performing bridge repair work. He filed an LHWCA claim with the Department of Labor and a Jones Act suit in district court. The parties later settled the LCWHA claim and the ALJ approved the settlement. Sharp continued to pursue his Jones Act claim and the district court granted summary judgment for the defendant as a consequence of the LHWCA settlement. On appeal, the Fifth Circuit applying *Gizoni,* held that a settlement agreement approved by the ALJ constituted a "formal award" and the plaintiff could no longer bring a Jones Act claim for the same injuries. *Sharp* argued that since the settlement agreement was entered into before the issue of seaman status was actually litigated, he was not estopped from pursuing his Jones Act claim. The court reasoned that Sharp had availed himself of the statutory machinery to bargain for an award and that he had the opportunity to argue for

seaman status. This was enough to constitute a "formal award" under *Gizoni*.

Under a *Gizoni* analysis, the question then becomes whether Anders has been issued a formal award. The ALJ did not give Anders a "formal award" per se in that the judgment was not an award in the form of additional monies. However, it is undisputed that the ALJ determined that Anders had already received all of the compensation to which he was entitled. Under the LHWCA that Anders was not due further compensation does not mean that he was not originally entitled to any award under the Act. In effect, the ALJ ruled that Anders's award was the compensation that Ormet had previously paid him under the LHWCA and no more. Such action by the ALJ is at least as much of a formal award as the settlement agreement entered into in *Sharp v. Johnson Bros.* Moreover, unlike *Sharp*, the parties in the case sub judice fully litigated the issue of seaman status.

 In addition to meeting the requirement set out in *Gizoni*, the traditional requirements of collateral estoppel have also been met. Collateral estoppel is appropriate when four conditions are met: (1) the issue under consideration in a subsequent action must be identical to the issue litigated in a prior action; (2) the issue must have been fully and vigorously litigated in the prior action; (3) the issue must have been necessary to support the judgment in the prior case; (4) there must be no special circumstances that would render preclusion inappropriate or unfair. *U.S. v. Shanbaum*, 10 F.3d 305, 311 (5th Cir.1993).

It is undisputed that the ALJ's decision is final. It is also undisputed that the seaman status issue was fully litigated before the ALJ and that the ALJ found that Anders was not a seaman under the Jones Act. The determination of seaman status was essential to the ALJ's judgment and in a Jones Act suit before this court, seaman status would again be at issue. Finally, the court is unaware of any special circumstances which would render collateral estoppel inappropriate.

Accordingly, this court finds that Anders is collaterally estopped from relitigating the issue of seaman status in a Jones Act suit. The defendant's motion for summary judgment is hereby GRANTED and this action will be dismissed.