**FEDERAL DEPOSIT INSURANCE CORPORATION**

**v.**

**Honorable Harry LEE, Sheriff and Ex–Officio Tax Collector for the Parish of Jefferson, et al.**

**Civil Action No. 95–1451.**

United States District Court, E.D. Louisiana.

Sept. 27, 1996.

William Neil C. Alford, II, Lydia Jane Alford, Alford & Alford, Slidell, LA, for Federal Deposit Insurance Corporation.

Kenneth Charles Fonte, Golden & Fonte, Metairie, LA, for Harry Lee.

Patrick Keith Daigle, Daigle, Sullivan, Dupre & Aldous, Metairie, LA, for McNamara Investment Corporation.

FALLON, District Judge.

Before the Court is defendant McNamara Investment Corporation's (hereinafter McNamara) motion for a new trial, or in the alternative, to alter or amend the judgment. In an Order and Reasons entered July 12, 1996, this Court granted the plaintiff's motion for summary judgment finding that the Federal Deposit Insurance Corporation's (FDIC) due process rights had been violated by the lack of notice to the tax sale in question.[1] A judgment was duly entered by

---

1. The background of this matter is fully set forth in this Court's Order and Reasons entered July 12, 1996 and will not be restated in this Minute Entry.

this Court in favor of the plaintiff on July 16, 1996. It is from this judgment that defendant McNamara seeks relief.

McNamara first asserts that the suit brought by the FDIC should be barred on the grounds of *res judicata*.[2] The factual background to this argument is as follows. In June 1994 the FDIC filed a mandamus action in state court in which the plaintiff sought to have Sheriff Harry Lee ordered to accept the amount tendered by the FDIC for redemption and then execute a certificate of redemption. *See* Defendant McNamara's Exhibit 1. The state court denied the plaintiff's petition for mandamus because the FDIC refused to pay McNamara, the purchaser of the property, for maintenance and repairs during the time the property was in McNamara's possession.[3]

The doctrine of res judicata has developed over the years to insure the finality of judgements so as to conserve judicial resources and avoid multiple and needless lawsuits. *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir.1994). "Public policy and the interest of litigants alike require that there be an end to litigation, and the peace and order of society demand that matters distinctly put in issue and determined by a court of competent jurisdiction as to parties and subject-matter shall not be retried between the same parties in any subsequent suit in any court." *State Hosp. for Criminal Insane v. Con. Water Supply Co.*, 267 Pa. 29, 110 A. 281 (1920). While the underpinnings of this doctrine are strong, res judicata should not and cannot be used to deprive litigates of their day in court.

■ Res judicata encompasses two separate preclusion concepts. The first is "claim preclusion" or pure res judicata. Claim preclusion requires that four conditions be met. They are as follows: "(1) The parties in a later action must be identical to, or at least be in privity with, the parties in a prior action; (2) The judgment in the prior action must have been rendered by a court of competent jurisdiction; (3) The prior action must have concluded with a final judgment on the merits; and (4) The same claim or cause of action must be involved in both suits." *United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir.1994); *See also Gulf Island–IV, Inc. v. Blue Streak–Gulf IS OPS*, 24 F.3d 743, 746 (5th Cir.1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 1112, 130 L.Ed.2d 1076 (1995). Claim preclusion is motivated by the principle of waiver in that if a party fails to raise a claim or loses on a claim in a prior action he therefore waives his right to make that claim in a subsequent action. *Shanbaum*, 10 F.3d at 310.

■ The second preclusive concept is issue preclusion or collateral estoppel, as it is commonly called. Again, four conditions must be met for issue preclusion to be appropriate. They are as follows: "(1) The issue under consideration in a subsequent action must be identical to the issue litigated in a prior action; (2) The issue must have been fully and vigorously litigated in the prior action; (3) The issue must have been necessary to support the judgment in the prior case; and (4) There must be no special circumstance that would render preclusion inappropriate or unfair." *Shanbaum*, 10 F.3d at 311; *Winters v. Diamond Shamrock Chemical Co., et al*, 901 F.Supp. 1195, 1203 (E.D.Tex.1995). Issue preclusion is driven by the need for the finality of judgments and the natural trustworthiness between courts. *Shanbaum*, 10 F.3d at 311.

■ In the instant motion McNamara argues that claim preclusion applies in this case. McNamara asserts that the FDIC failed to properly bring all their claims or causes of action in the mandamus suit. Specifically, the FDIC did not bring an action to have the tax sale declared a nullity—which was brought before this Court—along with the petition for mandamus. This argument is without merit for the Louisiana Code of

---

**2.** *Res judicata* was not raised as an issue by either party in the briefs reviewed by the Court on the plaintiff's motion for summary judgment.

**3.** The FDIC in its petition for mandamus took the position that under the Louisiana Constitution it was only required to pay the back taxes on the property in order to redeem the property and that any other requirements were unconstitutional or otherwise burdensome.

Civil Procedure expressly forbids the very course the defendant suggests the plaintiff should have taken.

In Louisiana a mandamus suit may be brought by a summary proceeding while a suit for declaratory judgment must be brought in an ordinary proceeding. *See* La. C.C.Pro. art. 2592(6). For this reason a petitioner in state court can not cumulate a suit for mandamus with one for declaratory judgment. *Citizens Organized for Sensible Taxation v. St. Landry Parish School Bd.,* 528 So.2d 1048, 1053 (La.Ct.App.1988); *Roussel v. Noe,* 274 So.2d 205, 212 (La.Ct.App.), *writ refused,* 281 So.2d 743 (La.1973).; *State v. Noe,* 186 La. 102, 171 So. 708, 712–13 (1936); *See also* La.C.C.Pro. arts. 464 & 926(7). The plaintiff chose to bring its mandamus action using a summary proceeding in state court. Therefore, the alleged failure on the plaintiff's part to bring its suit for declaratory judgment at the same time it brought its mandamus action in state court can not have any *res judicata* effects. *See also* La. C.C.Pro. art. 464.

■ Assuming *arguendo* that Louisiana's Code of Civil Procedure does not preclude *res judicata* in this matter, claim preclusion would still not be applicable in this situation. The same claims or causes of action were not involved in both cases. *Shanbaum,* 10 F.3d at 310. The claim to annul the tax sale was never raised and thus never litigated in the prior action. Similarly, issue preclusion does not apply here because the constitutional issues raised by this lawsuit were not involved in the prior suit nor necessary to support a final judgment in that case.

■ In the alternative, McNamara reiterates its argument initially raised in its original opposition to summary judgment that the FDIC, as an agency of the government, has no due process rights. The Court will not fully revisit this issue.[4] McNamara takes a very restrictive view of 12 U.S.C. § 1819(b)(2) which allowed the FDIC to bring this case in federal court. This statute allows the FDIC, an agency of the federal government, to bring any action in federal court. Closer inspection reveals that this provision specifically states that when the FDIC acts "in any capacity" it may bring an action in federal court. 12 U.S.C. § 1819(b)(2)(A). In the instant matter, the FDIC is acting in its capacity as a receiver in order to protect the rights and interest of the banks creditors and not in its corporate capacity. It is while the FDIC is acting in its capacity as a receiver, as stated previously by this Court, that the FDIC has due process rights.

For the foregoing reasons, defendant McNamara's motion for a new trial, or in the alternative, to alter or amend the judgment is DENIED.

---

4. This issue was discussed by this Court in Footnote 4 of its Order and Reasons entered July 12, 1996.