**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-50067
Summary Calendar

ROBERT F. NAYLOR, III,

Plaintiff-Appellant,

versus

AMERICAN SCIENCE & ENGINEERING, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
EP-99-CV-369-DB

August 10, 2000

Before POLITZ, DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

On April 10, 1998, Robert Naylor commenced an action against American Science & Engineering (AS&E) asserting claims for discriminatory treatment, hostile work environment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (1994). The district court held that Naylor failed

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to establish a genuine issue of material fact as to any of the claims, and we affirmed.[1]

On November 4, 1999, Naylor filed a second action against AS&E, asserting claims of intentional discrimination under 42 U.S.C. § 1981 and tortious interference with his prospective employment under Texas law. The district court found that Naylor's claims were barred by the doctrine of res judicata and appropriately dismissed the action. Our review of the record and the briefs submitted by the parties persuades us of the correctness of the district court's dismissal.[2] We find no abuse of discretion in the imposition of sanctions by the district court under Fed. R. Civ. P. 11.[3]

AS&E seeks sanctions against Naylor for this appeal; Naylor moves for sanctions against AS&E. Naylor's motion is DENIED. AS&E's motion for sanctions, including attorney's fees, is GRANTED and such inclusive sanctions are set at $5000. Naylor is cast for all costs of this appeal.

The judgment appealed is AFFIRMED.

---

[1]**Naylor v. American Science & Engineering**, No. 99-50257 (October 28, 1999).

[2]**United States v. Shanbaum**, 10 F.3d 305 (5th Cir. 1994).

[3]**Thomas v. Capital Security Services, Inc.**, 836 F.2d 866 (5th Cir. 1988).