United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50794
Summary Calendar

LARRY D. ROBINSON,

Plaintiff-Appellant,

versus

JOHN CORNYN; KAY BAILEY HUTCHISON; CHRISTOPHER A. WRAY;
F. JAMES SENSENBRENNER, JR.; HENRY HYDE; RON PAUL; DICK ARMEY;
ROBERT MUELLER; MARK V. RICH; CHARLES D. ELDER; STEVEN C.
McGRAW; CURTIS A. HENSCHEN,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CV-250
--------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:*

Larry D. Robinson appeals from the dismissal of his lawsuit against various Federal officials for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6). To the extent Robinson seeks to challenge the court's ruling in a prior proceeding that relied upon Heck v. Humphrey, 512 U.S. 477 (1994), he is barred from doing so by the doctrine of collateral estoppel. See United States v. Shanbaum, 11 F.3d 305, 311 (5th Cir. 1994).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Robinson was not entitled to any of the relief he sought in his complaint. See Keener v. Congress, 467 F.2d 952, 953 (5th Cir. 1972). Therefore, we do not address whether the defendants were entitled to immunity from Robinson's action. The district court did not err by dismissing Robinson's action for failure to state a claim. See Woodard v. Andrus, 419 F.3d 348, 351 (5th Cir. 2005).

Robinson contends that his various motions for leave to amend his complaint and for leave to reply to various responsive pleadings should have been granted because they were unopposed. He does not contend that the district court erred by denying those motions because he had failed to state any federal claim. Robinson has failed to brief the relevant issue for appeal. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Robinson's contention that the district court erred by issuing a sanction warning does not present a live case or controversy. See Spencer v. Kemna, 523 U.S. 1, 7 (1998). The district court merely warned Robinson; it did not actually sanction him. Finally, Robinson lists as an issue, but does not brief, whether the district court erred by denying his motion for the costs of personal service. We need not address it. See Brinkmann, 813 F.2d at 748.

AFFIRMED.