18-947-cv
Moore v. City of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand eighteen.

PRESENT: PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
*Circuit Judges,*
SIDNEY H. STEIN,*
*District Judge.*

------------------------------------------------------------

PAULA LAZETTE MOORE,

*Plaintiff-Appellant,*

v.                                                                No. 18-947-cv

CITY OF NEW YORK, JACQUELYN O. MCKNIGHT, BEVERLY JAMES,

*Defendants-Appellees.*

------------------------------------------------------------------

---

* Judge Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:       GREGORY G. SMITH, Law Office of Gregory G. Smith, Brooklyn, NY.

FOR APPELLEES:       JASON ANTON (Richard Dearing, Jane L. Gordon, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York City Law Department, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Richard J. Sullivan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Paula Lazette Moore appeals from a judgment of the District Court (Sullivan, J.) granting, as relevant here, appellees' motion to dismiss for failure to state a claim of discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.), 42 U.S.C. § 1981, and 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

In dismissing Moore's claims, the District Court primarily held that Moore failed adequately to state a case of employment discrimination under Title VII and § 1981 because the allegations in the complaint itself showed that she could

2

not satisfy the New York City residency requirement and thus be qualified for her job.[1]  See Littlejohn v. City of New York, 795 F.3d 297, 311 (2d Cir. 2015); Thornley v. Penton Publ'g, Inc., 104 F.3d 26, 29 (2d Cir. 1997).  On appeal, Moore acknowledges that New York City residency was required for her position and that she lived in New Jersey.  Appellant's Br. 7, 9.  Rather, Moore argues that the residency policy was applied in a discriminatory manner and was used pretextually to fire her because she is African-American with no Caribbean ancestry, and that comparator employees who are of African-Caribbean descent were permitted to violate the policy.  See Stern v. Trs. of Columbia Univ., 131 F.3d 305, 312 (2d Cir. 1997).  We agree with the District Court that Moore failed to allege that the African-Caribbean female comparators were similarly situated to her "in all material respects"—for example, that they held positions that were subject to the same New York residency requirement.  Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir. 2000) (quotation marks omitted).  For this reason

---

[1] Because "[t]he same core substantive standards" apply to both Title VII and § 1981 claims, we analyze them together, as did the District Court.  Wiercinski v. Mangia 57, Inc., 787 F.3d 106, 113 (2d Cir. 2015) (quotation marks omitted).

alone,[2] we affirm the District Court's dismissal of Moore's employment discrimination claims.

We also affirm the District Court's dismissal of Moore's retaliation claims. Moore alleged that her termination was in retaliation for (1) rejecting a settlement offer in connection with conflict-of-interest charges brought against her related to her outside employment, and (2) complaining in an October 2015 letter to her supervisor about her treatment at work, that her employment was "threaten[ed]," and that she "feel[s] like [she is] being discriminated against." App'x 68. As to the first basis for her retaliation claim, Moore did not allege that her rejection of the offer was "to protest or oppose statutorily prohibited discrimination." Cruz v. Coach Stores, Inc., 202 F.3d 560, 566 (2d Cir. 2000), superseded on other grounds by N.Y.C. Local L. No. 85. To the contrary, Moore alleged that she rejected the settlement offer to "clear her name" of wrongdoing. App'x 57. Nor did the October 2015 letter provide an adequate basis for Moore's claim of retaliation. A mere mention of feeling "discriminated against"

---

[2] We do not, and need not, address the District Court's alternative holding that Moore also failed to allege sufficient facts supporting an inference of discriminatory intent. See Littlejohn, 795 F.3d at 311.

is not enough to put an employer on notice of a protected complaint if "nothing in the substance of the complaint suggests that the complained-of activity is, in fact, unlawfully discriminatory."   Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C., 716 F.3d 10, 17 (2d Cir. 2013).   For these reasons, we affirm the District Court's dismissal of Moore's retaliation claims.

Because we affirm the dismissal of Moore's claims of discrimination and retaliation under § 1981, we also affirm the dismissal of Moore's § 1983 claims against the individual defendants.

We have considered Moore's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5