# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 24, 2021

Lyle W. Cayce
Clerk

No. 20-60232
Summary Calendar

WILLIE HAMPTON,

*Plaintiff—Appellant*,

*versus*

TUNICA COUNTY MISSISSIPPI, *Municipal Corporation, Collectively, Defendants Individually, In their official capacities*; LIEUTENANT JEROME HUDSON; TUNICA COUNTY SHERIFF'S DEPARTMENT; CHARLES B. GRAVES, JR.; TUNICA COUNTY PROSECUTOR; AGENT JAMES JONES, *Mississippi Bureau of Narcotics*; TUNICA BOARD OF SUPERVISORS; THOMAS J. BOHLKE, *Special Agent*; JERRY L. ELLINGTON, *Sheriff of Tunica*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:19-CV-103

Before KING, COSTA, and HO, *Circuit Judges.*

PER CURIAM:*

Willie Hampton, federal prisoner # 79948-011, is serving a life sentence imposed in 2001 after a jury convicted him of drug-trafficking offenses. Proceeding in forma pauperis (IFP), he appeals the dismissal of his action brought under 42 U.S.C. § 1983. Hampton alleged a conspiracy that resulted in his arrest and conviction, as well as a state law forfeiture of cars and cash and a federal forfeiture of real property. Years of state court litigation resulted in the return, in 2018, of his cars and cash based on a violation of his speedy-trial rights. We dismissed an appeal of the federal forfeiture in 2003.

The district court dismissed the action as untimely and as barred by collateral estoppel, or issue preclusion. All of the issues Hampton raises in his complaint and brief were conclusively decided against him in his criminal proceeding, his first proceeding under 28 U.S.C. § 2255, a 2006 federal civil rights action, or the federal forfeiture action. Under the doctrines of issue preclusion and claim preclusion, these issues may not be relitigated against these defendants. *See United States v. Shanbaum*, 10 F.3d 305, 310-11 (5th Cir. 1994); *United States v. Mollier*, 853 F.2d 1169, 1175 n.7 (5th Cir. 1988); *Lubrizol Corp. v. Exxon Corp.*, 871 F.2d 1279, 1288-89 (5th Cir. 1989); *see also Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In any event, his assertions are too vague and conclusional to state any constitutional violation. *See Morrison v. City of Baton Rouge*, 761 F.2d 242, 244 (5th Cir. 1985). To the extent Hampton contends he is entitled to a hearing on the speedy-trial factors of *Barker v. Wingo*, 407 U.S. 514, 530-35

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60232

(1972), his claim is moot because he prevailed on that issue in state court. *See Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1979).

In light of the foregoing, we dismiss the appeal as frivolous. *See* 5TH CIR. R. 42.2. We need not examine whether, under Mississippi law, Hampton's state litigation tolled the limitations period in which he could raise claims based on the state forfeiture.

The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Hampton is warned that, if he accumulates a total of three strikes, he will be barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). Hampton is further warned that the filing of further frivolous or repetitive actions or appeals challenging his convictions, sentences, or forfeitures, even if he is not proceeding IFP, will result in sanctions, including monetary sanctions and limits on his access to this court and any court subject to this court's jurisdiction.

APPEAL DISMISSED AS FRIVOLOUS; STRIKE IMPOSED; SANCTION WARNING ISSUED.