# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2021

Lyle W. Cayce
Clerk

No. 19-60845
Summary Calendar

Willie Hampton,

*Plaintiff—Appellant*,

*versus*

Thomas J. Bohlke, *Collectively Defendant's Individually and in their Official Capacity*; James E. Rambo, *Collectively Defendant's Individually and in their Official Capacity*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:19-CV-106

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Willie Hampton, federal prisoner # 79948-011, is serving a life sentence imposed in 2001 after a jury convicted him of drug-trafficking offenses. He appeals the dismissal of his action against two federal law

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

enforcement officers, brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Hampton alleged a conspiracy that resulted in his arrest and conviction, as well as a state law forfeiture of cars and cash and a federal forfeiture of real property. Years of state court litigation resulted in the return, in 2018, of his cars and cash based on a violation of his speedy-trial rights. We dismissed an appeal of the federal forfeiture in 2003.

The magistrate judge, who decided the case by consent, dismissed the action as untimely and as barred by collateral estoppel, or issue preclusion. All of the issues Hampton raises in his complaint and brief were conclusively decided against him in his criminal proceeding, his first proceeding under 28 U.S.C. § 2255, a 2006 federal civil rights action, or the federal forfeiture action. Under the doctrines of issue preclusion and claim preclusion, these issues may not be relitigated against these defendants. *See United States v. Shanbaum*, 10 F.3d 305, 310-11 (5th Cir. 1994); *United States v. Mollier*, 853 F.2d 1169, 1175 n.7 (5th Cir. 1988); *Lubrizol Corp. v. Exxon Corp.*, 871 F.2d 1279, 1288-89 (5th Cir. 1989); *see also Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

In any event, his assertions are too vague and conclusional to state any constitutional violation. *See Morrison v. City of Baton Rouge*, 761 F.2d 242, 244 (5th Cir. 1985). To the extent Hampton contends he is entitled to a hearing on the speedy-trial factors of *Barker v. Wingo*, 407 U.S. 514, 530-35 (1972), his claim is moot because he prevailed on that issue in state court. *See Los Angeles Cnty. v. Davis*, 440 U.S. 625, 631 (1979).

In light of the foregoing, we dismiss the appeal as frivolous. *See* 5TH CIR. R. 42.2. We need not examine whether, under Mississippi law, Hampton's state litigation tolled the limitations period in which he could raise claims based on the state forfeiture.

No. 19-60845

Due to the repetitive and conclusional nature of this action, Hampton is warned that the filing of further repetitive or frivolous actions or appeals related to his convictions, sentences, and forfeiture proceedings will result in sanctions, including monetary sanctions and limits on his access to this court and any court subject to our jurisdiction.

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.