# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2022

Lyle W. Cayce
Clerk

No. 21-60725

Demetrius Barber,

*Plaintiff—Appellant*,

*versus*

James Burke, *Individual Capacity*; P. Wiley, *Individual Capacity*; R. Pennington, *Individual Capacity*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:21-CV-4

Before Smith, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Demetrius Barber, Mississippi prisoner #K6330, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 lawsuit as frivolous. By moving to proceed IFP, he is challenging the district court's certification pursuant to 28 U.S.C.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60725

§ 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3)(A) that any appeal would not be taken in good faith because, for the reasons relied upon in the order and judgment, Barber will not present a nonfrivolous appellate issue. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Barber argues that he is financially eligible to proceed IFP and that he has meritorious Eighth Amendment claims that have never been considered on the merits, subjected to discovery or an evidentiary hearing, or responded to by the defendants. Barber has failed to brief, and thus abandoned, any argument challenging the district court's conclusion that his claims are identical to those he raised against the same defendants in a previous lawsuit and thus barred by res judicata. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Even had Barber briefed the argument, it would be unavailing. *See United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994).

The appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Consequently, the IFP motion is denied, and the appeal is dismissed. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The district court's dismissal of the complaint as frivolous and the dismissal as frivolous of this appeal each count as a strike under 28 U.S.C. § 1915(g).*See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Barber has one previous strike. *See Barber v. Burke*, No. 4:18-CV-149, 2019 WL 165716 (N.D. Miss. Jan. 10, 2019). He now has three strikes. *See Coleman*, 575 U.S. at 537. Thus, he is now barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained unless he is under imminent danger of serious physical injury. *See* § 1915(g); *McGarrah*

2

No. 21-60725

*v. Alford*, 783 F.3d 584, 585 (5th Cir. 2015). He is WARNED that any pending or future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction may subject him to additional sanctions, and he is directed to review all pending matters and move to dismiss any that are frivolous, repetitive, or otherwise abusive.

MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION IMPOSED; WARNING ISSUED.