Lin v. Holder

BIA
A087 481 027

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand fourteen.

PRESENT:
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

CHANG DONG LIN,
> *Petitioner,*

     v.       13-1943
             NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

| | |
|---|---|
| FOR PETITIONER: | Sandra Cheng, New York, NY. |
| FOR RESPONDENT: | Stuart F. Delery, Assistant Attorney General; Leslie McKay, Assistant Director; Kelly J. Walls, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chang Dong Lin, a native and citizen of China, seeks review of an April 30, 2013, decision of the BIA denying his motion to reopen his removal proceedings. *In re Chang Dong Lin*, No. A087 481 027 (B.I.A. Apr. 30, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Lin's motion to reopen, filed in 2013, was untimely because his order of removal became final in 2011. *See* 8 U.S.C. § 1101(a)(47)(B)(I). Lin contends, however, that his conversion to Christianity in the United States and the Chinese government's awareness of his mailing of materials relating to Christianity to his wife's underground

2

church in China constitute materially changed country conditions excusing his motion from the applicable time limitation.

We find that the BIA did not abuse its discretion in denying Lin's motion for failure to demonstrate his *prima facie* eligibility for relief. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008) (recognizing that an alien's "ability to secure reopening depends on a demonstration of *prima facie* eligibility for [relief], which means she must show a 'realistic chance' that she will be able to obtain such relief" (citations omitted)). The BIA reasonably relied on the country conditions evidence indicating that China currently allows the practice of Christianity, notwithstanding isolated reports of harassment of some underground church members, a finding that Lin does not specifically challenge on appeal. *See Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005) (holding that absent solid support in the record for the petitioner's assertion that he would be persecuted, his fear was "speculative at best"). While Lin does challenge the BIA's consideration of the statements from his wife and her fellow underground church members, the BIA did not err in according

3

this evidence diminished weight because it was from interested witnesses not subject to cross-examination and was not supported by any independent evidence. *See Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (rejecting letters from applicant's relatives and friends because they were "interested witnesses not subject to cross-examination"), *overruled in part on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012); *see also Xiao Ji Chen v. United States Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight accorded to evidence lies largely within the agency's discretion).

Because the BIA did not abuse its discretion in denying Lin's motion for failure to demonstrate his *prima facie* eligibility for relief, we decline to consider his challenge to the agency's alternative finding that country conditions had not materially changed. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk